UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OMAR GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| NOBLE COUNTY SHERIFF DOUG ) | |
| HARP (in his official capacity), and ) | |
| "JOHN DOES/JANE DOES" (in their ) | |
| individual capacities), et al. ) | |
| ) | |
| Defendant(s). ) | |

## COMPLAINT– CLASS ACTION

COMES NOW Plaintiffs, Omar Gomez on behalf of themselves and all other similarly situated individuals, by counsel, and alleges against the Defendant as follows:

1. The lead Plaintiff is Omar Gomez, a resident of Noble County Indiana, who brings claims on behalf of himself, and all other similarly situated, to wit, the "Class" represented by the Plaintiff, which would include the following:

   Individuals who, from February 28, 2012 to the present, were incarcerated in the Noble County Jail and over-detained in the Jail, due to their race/color or national origin in order to confirm their immigration status, and/or who were held longer than 48 hours contrary to the federal Immigration and Customs Enforcement ("ICE") regulation, 8 C.F.R. § 287.7(d).

2. The Defendant is Noble County Sheriff, Doug Harp, who is responsible for the policies, practices, procedures, and customs that are and have been in effect at the Noble County jail during Mr. Gomez's incarceration within that jail. The Sheriff is named in his official capacity, pursuant to 42 U.S.C. § 1983. The Sheriff's policies, practices, customs, and procedures at the jail pertaining to the detention of

Hispanic/Latino prisoners are unconstitutional and/or constitutionally defective, subjected the Plaintiff to unlawful over-detention in violation of his federally protected right to be free from unreasonable seizure and false arrest/false imprisonment, and deprived Plaintiff of bail resulting in loss of liberty, rights protected under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and the laws and public polices of the state of Indiana. The Sheriff failed to train and supervise his staff to timely release the Plaintiff and others like him after the expiration of the 48 hour detainers issued by ICE pursuant to 8 C.F.R. § 287.7 (d).

3. Also named as Defendants are "John Does", named in their individual capacities, whose actions caused the Plaintiff to be unlawfully over-detained and deprived of liberty without due process and who interfered with his right to be free upon posting bail and/or posting bond, and who otherwise caused ICE to issue a detainer based upon false and/or insufficient information supplied by the Noble County Sheriff's Department.

4. Plaintiff Omar Gomez issued a Tort Claim Notice on 1/3/14, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A".

5. Mr. Gomez is an Hispanic/Latino resident of Noble County, Indiana. He has been a legal resident of the United States since February 21, 2013. On or about October 5, 2013, he, along with his wife, was arrested and taken to the Noble County Jail. At the Mr. Gomez' arraignment, the judge set his bond and, which Mr. Gomez, attempted to pay after the arraignment, on or about October 7, 2013. Upon payment of the bond, Mr. Gomez was eligible for release, having met the conditions for release from the Noble County Jail.

6. Personnel at the jail refused to take Mr. Gomez' payment, and told him that "Because you are Hispanic, we have to hold you until we verify that you are not an illegal alien..." Individual defendants "John Does" contacted ICE and sent to them only Plaintiff's "Mexico" nationalization card showing that he was born in Mexico and failed to send his driver's license, legal residency "green card", or his social security card. These defendants made it appear that Plaintiff was an illegal alien, which caused ICE to put a 48 hour detainer on Plaintiff. Similarly situated non-Hispanic/non-Latino prisoners however were promptly released by jail staff when they attempted to pay their bonds, without further holding them to confirm their immigration status. The individual defendants acted intentionally and in reckless disregard of Plaintiff's Constitutional rights.

7. Noble County Jail personnel then continued to hold Mr. Gomez an additional ten (10) days prior to finally releasing him on October 17, 2013, although the Jail personnel should have released him on October 7, 2013, when the 48 hours ICE detention was over.

8. Plaintiff Omar Gomez contends that the Noble County Sheriff and the Noble County Jail staff subjected him to a deprivation of his Fourth and Fourteenth Amendment rights and subjected him to false arrest/false imprisonment and unlawful over-detention by detaining him and interfering with his freedom upon posting bond to get out of jail. The Plaintiff further contends that he was over-detained and falsely imprisoned at the jail, merely due to his race/color and national origin, and not because of any legal authority to continue to hold him at the jail. The Defendants violated Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution, as

well as his constitutional right to bail/bond.

9. The unconstitutional false imprisonment and over detention of the Plaintiff in the Noble County Jail subjected the Plaintiff to inconvenience, wrongful loss of freedom and liberty, emotional distress, and other damages and injuries, including a loss of his job and loss of income. It also subjected the Plaintiff to a violation of his Fourth and Fourteenth Amendment rights to be free from unreasonable seizure and to due process under the United States Constitution, as well as a violation of his rights against false arrest/false imprisonment under the laws and public policies of the State of Indiana.

10. The unconstitutional policies, practices, procedures and /or customs of the Noble County Sheriff, were the direct and proximate cause of the false arrest/false imprisonment, and unlawful over-detention of the Plaintiff, and similarly situated prisoners.

11. Pursuant to Local Rule 23.1 of the Local Rules of the United States District Court for the Northern District of Indiana, set forth below are references to the portions of Fed. R. Civ. P. 23, under which it is claimed that the suit is properly maintained as a class action:

(a) On information and belief, Plaintiff maintains that

   (1) the class is so numerous that joinder of all putative class members would be impracticable,

   (2) there are questions of law or fact (unconstitutional over-detention of prisoners, in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. §1983), common to the class;

   (3) the claims of the representative party is typical of the claims of the class, and

4

(4) the representative party will fairly and adequately protect the interests of the class.

(b) This action is maintainable as a class action because the prerequisites of sub-division (a) are satisfied, and in addition:

(1) the prosecution of separate actions by individuals members of the class would create a risk of:

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Sheriff of Noble County who opposes the class; or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(3) the Court could find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, that is:

(A) there is no interest of members of the class in individually controlling the prosecution of separate actions;

(B) there is no collateral litigation to this case which has been commenced by other putative class members, at least such litigation is unknown to either the named Plaintiff or his counsel;

5

(C) it would be desirable of concentrating the litigation of any and all claims similar to that of the Plaintiffs in one (1) forum (this Court); and

(D) there are no known difficulties likely to be encountered in the management of this class action).

WHEREFORE, the Plaintiff, on behalf of himself and putative class members, respectfully requests a judgment against the Defendant, for compensatory damages, punitive damages (where available), and for a declaratory judgment that the Sheriff's treatment of Hispanic/Latino prisoners at his jail violates the Fourth Amendment of the United States Constitution. Plaintiff also seeks judgment awarding reasonable attorneys' fees and costs under 42 U.S.C. §§ 1983, and 1988, and seeks all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

s/Christopher C. Myers
Christopher C. Myers, #10043-02

s/Ilene M. Smith
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
             ismith@myers-law.com

6

Attorneys for Plaintiff

CCM/nlo
S:\Gomez, Omar\Pleadings\Complaint 2-7-14.docx

LAW OFFICES
# CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone (260) 424-0600  ·  Facsimile (260) 424-0712

CHRISTOPHER C. MYERS
cmyers@myers-law.com

ILENE M. SMITH
ismith@myers-law.com

January 3, 2014

Noble County Sheriff Douglas Harp
Noble County Sheriff's Department
210 S 7th Street
Albion, IN 46701

Chief Ranking Officer
Noble County Jail
210 S 7th Street
Albion, IN 46701

Sherry Barnes
Indiana Political Subdivision
Risk Management Division
311 W. Washington Street Suite 300
Indianapolis, Indiana 46204

COPY

Re:  *Omar Gomez v. Noble County Jail*

## NOTICE OF TORT CLAIM

To Whom It Concerns:

My firm represents Omar G. Gomez in the above dispute. This letter shall serve as Mr. Gomez's Notice of Tort Claim to you.

### Circumstances Which Brought About the Loss:

Mr. Gomez is an Hispanic/Latino of Indiana. On or about October 5, 2013, he, along with his wife, was arrested and taken to the Noble County Jail. At the Claimant's arraignment, the judge set the Claimant's bond and, after the arraignment, the Claimant tried to pay his bond so that he could be released from the Noble County Jail. Personnel at the jail refused to take his payment, and told him that "Because you are Hispanic, we have to hold until we verify that you are not an illegal alien..." Then, although the Claimant was a legal resident of the United States, Noble County Jail personnel continued to hold him an additional ten (10) days prior to finally releasing him, as they should have done some days earlier.

Mr. Gomez contends that the Noble County Sheriff and the Noble County Jail staff subjected him to false arrest and false imprisonment by continuing to keep him incarcerated passed the point upon which he lawfully was permitted to bond out of jail. Mr. Gomez further contends that he was over-detained/falsely arrested/falsely imprisoned at the jail, merely due to his

EXHIBIT "A"

*CHRISTOPHER C. MYERS & ASSOCIATES*
*Law Offices*

Re:   Tort Claim Notice of Omar G. Gomez

Date: January 3, 2014

race/color and national origin, and not because of any legal authority to continue to hold him at the jail.

**Extent of the Loss:**

The false arrest/false imprisonment/over detention of the Claimant in the Noble County Jail subjected the Claimant to inconvenience, wrongful loss of freedom and liberty, emotional distress, and other damages and injuries. It also subjected the Claimant to a violation of his Fourth Amendment right to be free from unreasonable seizure under the United States Constitution, as well as a violation of his rights against false arrest/false imprisonment under the laws and public policies of the State of Indiana.

**Time and Place the Loss Occurred:**

The loss occurred between approximately October 5, 2013 and October 17, 2013, ten days after he tried to bond out. The loss occurred at the Noble County Jail, located at 210 S 7th St, Albion, IN 46701.

**Names of All Persons Involved (If Known):**

Omar G. Gomez
Denise Perez- Claimant's wife
Seth Tipton, Esq.
Noble County Sheriff Douglas Harp
John Doe/Jane Doe - jail confinement officers

**The Amount of the Damages Sought:**

The Claimant understands that there is currently a cap on the amount of damages an individual can recover on state tort claims, pursuant to the Indiana Tort Claims Act. The Claimant seeks an amount within this cap, or in the alternative, whatever amount a judge and jury would award given the facts and circumstances underlying this claim. Claimant may seek additional compensation pursuant to his rights under federal law, including 42 U.S.C. § 1983.

**Residence of Claimant at the Time of the Loss and at the Time of the Filing of This Notice:**

112 East Third Street
Ligonier, IN 46767

*CHRISTOPHER C. MYERS & ASSOCIATES*
Law Offices

Re:   Tort Claim Notice of Omar G. Gomez

Date:  January 3, 2014

                              Respectfully,

                              CHRISTOPHER C. MYERS & ASSOCIATES

                              Ilene M. Smith

IMS/nlo
S:\Gomez, Omar\Tort Claim Notice - letter format.docx